ON APPLICATION FOR READMISSION CLARK, J., concurs in part and dissents in part. hln November of 2011, this Court informed petitioner that he would be ineligible to apply for readmission to the practice of law until he had (1) completes six-weeks of inpatient substance abuse treatment and (2) entered into a five-year JLAP contact that would include quarterly hair tests. Petitioner has admittedly failed to comply with those requirements. Further, petitioner has not presented good and sufficient reason why he should be readmitted to the practice of law. Based solely on the above, I agree with the majority that petitioner should not be readmitted at this time. However, based on petitioner’s past conduct, I am doubtful that he should ever be readmitted. Supreme Court Rule XIX, § 24(E) provides that a lawyer may be readmitted only if he has fully complied with the terms and conditions of all prior orders. He has not. The Rule further provides that, if drug or alcohol abuse was a causative factor in the misconduct, the lawyer shall not be readmitted until he has abstained from drug or alcohol use for at least one year and is likely to continue to abstain from the use of drugs or alcohol. Again, by his own admission, he continues to use alcohol two to three times a week. The Rule also requires that the lawyer recognize the wrongfulness and seriousness of the conduct for which he was suspended. Again, petitioner has not done so—he continues to deny that he has a drug and/or alcohol abuse problem. Finally, the Rule requires that a lawyer have the requisite honesty and integrity to practice law. Petitioner, in my opinion, does not. Throughout this process, petitioner has attempted' to evade responsibility for his misconduct by lying and deceit. He has filed false pleadings in this Court, and [ 2shaved his entire body and cut his fingernails to the quick in an unsuccessful attempt to avoid being tested for cocaine use (he tested positive). Based on the facts and circumstances of' petitioner’s misconduct, I concur with the majority in the denial of petitioner’s application for readmission. I dissent, though, from that portion of the order which states that petitioner may reapply after he has fully complied with this Court’s November 16, 2011 order,